UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
FLORIDA Jacksonville DIVISION

RECEIVED
NWFRC

MAY 1 8 2020

INMATE INITIALS _____

CIVIL RIGHTS COMPLAINT FORM
TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983


AARON C. PORTER, #L37704
        PLAINTIFF,                          CASE NO.: 3:19-CV-327-J-39-JRK

    V.

MARK S. INCH, SECTY. FDC, ET AL.,
            DEFENDANTS.


# THIRD AMENDED COMPLAINT [1]

_____

1. THIS THIRD AMENDED COMPLAINT IS FILED IN ACCORD WITH (DOC. 93) AND MERELY CORRECTS AND AMENDS THE DEFENDANT, K. MATTHEWS, CLEARIFIES THE JOHN DOE DEFENDANT AS, CAROLYN HICKS, AND DEFENDANT JONES, AS C.J. JONES. NO OTHER CHANGES MADE.

## I.   PLAINTIFF:

State your full name, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff:   *AARON C. PORTER*

Inmate Number   *L 37704*

Prison or Jail:   *PRISON*

Mailing address:   *WAKULLA (ANNEX) CORRECTIONAL INSTITUTION*
*110 MELALEUCA DRIVE*
*CRAWFORDVILLE, FLA. 32327- 4963*

## II.   DEFENDANT(S):

State the name of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for every Defendant:

(1)   Defendant's name:   *MARK S. INCH*

Official position:   *SECRETARY OF FDOC*

Employed at:   *FLORIDA DEPT. OF CORRECTIONS*

Mailing address:   *501 SOUTH CALHOUN STREET*
*TALLAHASSEE, FL 32399*

(2)   Defendant's name:   *M. KELLY*

Official position:   *CAPTAIN*

Employed at:   *COLUMBIA C.I. ANNEX*

Mailing address:   *253 SE. CORRECTIONAL WAY*
*LAKE CITY, FL 32025*

(3)   Defendant's name:   *JOSEPH*

Official position:   *CAPTAIN*

Employed at:   *COLUMBIA C.I. ANNEX*

Mailing address:   *253 SE. CORRECTIONAL WAY*
*LAKE CITY, FLA 32025*

## ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS

(4)     Defendant's Name:          H. Lee
        Official Position            Lieutenant
        Employed At:               Columbia C.I. Annex
        Mailing Address:          253 SE Correctional Way
                                         Lake City, FL 32025

(5)     Defendant's Name:          Joshua Higens
        Official Position            Sergeant
        Employed At:                Columbia C.I. Annex
        Mailing Address:          253 SE Correctional Way
                                         Lake City, FL 32025

(6)     Defendant's Name:          M. Ramsey
        Official Position            Grievance Coordinator (Officer)
        Employed At:                Columbia C.I. Annex
        Mailing Address:          253 SE Correctional Way
                                         Lake City, FL 32025

(7)     Defendant's Name:          John Godwin
        Official Position            Warden
        Employed At:                Columbia C.I. Annex
        Mailing Address:          253 SE Correctional Way
                                         Lake City, FL 32025

(8)     Defendant's Name:          Jose Diaz Castro
        Official Position          Officer "Security 9"
        Employed At:               Columbia C.I. Annex
        Mailing Address:           253 SE Corrections Way
                                   Lake City, FL 32025


(9)     Defendant's Name:          K. Matthews
        Official Position          Officer
        Employed At:               Columbia C.I. Annex
        Mailing Address:           253 SE Corrections Way
                                   Lake City, FL 32025


(10)    Defendant's Name:          R. Waters
        Official Position          Officer of Housing Assignment
        Employed At:               Columbia C.I. Annex
        Mailing Address:           253 SE Corrections Way
                                   Lake City, FL 32025


(11)    Defendant's Name:          LeBlanc
        Official Position          Sergeant
        Employed At:               Columbia C.I. Annex
        Mailing Address:           253 SE Corrections Way
                                   Lake City, FL 32025

4

(12)   Defendant's Name:        *C. J. JONES*
       Official Position        Mental Health Specialist
       Employed At:            Centurion of Florida, LLC
       Mailing Address:        253 SE Corrections Way
                               Lake City, FL 32025
                                         or
                               1200 South Pine Island Road
                               Plantation, FL 33324


(13)   Defendant's Name:        *CAROLYN WICKS*
       Official Position        Director of Nursing ("DON")
       Employed At:            Centurion of Florida, LLC
       Mailing Address:        253 SE Corrections Way
                               Lake City, FL 32025
                                         or
                               1200 South Pine Island Road
                               Plantation, FL 33324


(14)   Defendant's Name:        Dr. Elliot Perez-Lugo
       Official Position        Doctor
       Employed At:            Centurion of Florida, LLC
       Mailing Address:        1200 South Pine Island Road
                               Plantation, FL 33324


*      <u>All Defendant's Are Sued In Their Official And Individual Capacity</u>

## III.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

**Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.**

## IV.   PREVIOUS LAWSUITS

NOTE: FAILURE TO DISCLOSE ALL PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A.   Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
Yes( )                          No( ✓ )

1.   Parties to previous action:
(a)   Plaintiff(s): _____
(b)   Defendant(s): _____
2.   Name of judge: _____    Case #: _____
3.   County and judicial circuit: _____
4.   Approximate filing date: _____
5.   If not still pending, date of dismissal: _____
6.   Reason for dismissal: _____
7.   Facts and claims of case: _____
_____

**(Attach additional pages as necessary to list state court cases.)**

B.   Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

Yes( ✓ )                          No( )

1.   Parties to previous action:
a.   Plaintiff(s): *AARON C. PORTER*
b.   Defendant(s): *MARK INCH, ET AL*
2.   District and judicial division: *US/MAF - TALLAHASSEE DIV*
3.   Name of judge: *US/MAF*    Case #: *4:19-CV-126-US/MAF*
4.   Approximate filing date: *MARCH 15, 2019*
5.   If not still pending, date of dismissal: *PENDING*
6.   Reason for dismissal: *N/A*

6

7.   Facts and claims of case: *SSS PRISON CONDICTIONS*

_____

**(Attach additional pages as necessary to list other federal court cases.)**

C.   Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes( ✓ )                    No( )

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1.   Parties to previous action:
     a.   Plaintiff(s): ____ *SEE PAGES:* _____
     b.   Defendant(s): _____
2.   District and judicial division: _____
3.   Name of judge: _____    Case #: _____
4.   Approximate filing date: _____
5.   If not still pending, date of dismissal: _____
6.   Reason for dismissal: _____
7.   Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list cases.)**

D.   Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes( ✓ )                    No( )

1.   Parties to previous action:
     a.   Plaintiff(s): ____ *SEE PAGES:* _____
     b.   Defendant(s): _____
2.   District and judicial division: _____
3.   Name of judge: _____    Case Docket # _____
4.   Approximate filing date: _____    Dismissal date: _____
5.   Reason for dismissal: _____

**CONTINUATION OR ATTACHMENT OF:**

### IV. PREVIOUS LAWSUIT: C - D

The Plaintiff has initiated at least (16) State Court Cases, Some relating to his (Criminal Conviction) and several mandamus that was consolidated five case into one:

1. three (3) in Hills Borough County: Case No(s): 2017-CA-1950, 2017-CA-320:

2. One (1) in Okeechobee County: Case No: 2017-CA-15 (relating to criminal Case).

3. Ten (10) in Leon County, all of the "2012" cases were consolidated as one case as follows: Case No(s):2012-CA   3473.'2012-CA3742.'2012-CA-3471:2012-CA-3469: And 2012-CA-3468. All these cases are one case. Case No :(s): 2013-Sc-2198: 204-Sc-1773: 2015-AP-11: 2016-SC-687: And 2016-CA-2862.

4. One (1) Broward County Case No: 2014-SC-23567.

5. One (1) Taylor County Case No: 2016-SC-73

6. One (1) Santa Rosa County Case No: 2012-SC-1242

7. One (1) Sumter County Case No: 19-SC-182, (Pending, filed 3/21/19)

8. One (1) Marion County Case No: 19-1277-SC (Pending, filed: 3/11/19)

NOTE: The Plaintiff is not sure if the Court wish for him to list all of his Appellant cases in the 2nd DCA relating to his criminal conviction, but there at least (10) such cases, in addition to (1) civil appeal, case no: 2D17-2500

**CONTINUATION OR ATTACHMENT OF:**

## IV. <u>PREVIOUS LAWSUIT: C - D</u>

The Plaintiff has had several actions in federal Court that was dismissed without prejudice, frivolous or as failing to State a claim as follows:

1. porter v. broward co. sheriff's office, et al
20-6063-CIV-ZLOCH
Dismissed: 9/13/2002: § 1915

2. Porter v. Darry Mitchell, Et al.
03-60920-civ-Marra
Dismissed: 7/8/2002: § 1915(g)
3. Porter v. Broward Co. Sheriff's Office, Et Al.
O3-60932-CIV-Gold
4. Porter v. Judge Imperata. Et Al.
03-61138-CIV-Marra
Dismissed: 7/8/2003: § 1915 (g)
5. Porter v. Broward Co. Sheriff's office, Et Al
03-61191-civ-altonatia
6. Porter v. Broward Co. sheriff's office, Et Al.
03-61351-civ-jordan
Dismissed: 8/4/2003
7. Porter v. Broward Co. Sheriff's Office, Et Al.
03-613252-civ-gold
Dismissed: 2/11/2004: § 1915(g)
8. Porter v. Jones, Et Al.,
1:15 Cv12-Mw/grd
Dismissed: 2/17/2016, <u>without prejudice</u>: abuse of Jud. Process.

9. PORTER V. INCH, ET AL
5:19- CV- 82- MCR/MJF
DISMISSED WITHOUT PREJUDICE
§ 1983

The Plaintiff also have filed, and still are pending the following:

1.  Porter v. Inch, et al.
    Case No: 5:19-cv-82-MCR/MJF
    § 1983          Pending

2.  Porter v. Inch, et al.,
    Case No: 4:19-cv-126-WAS/CAS
    § 1983          Pending

3.  PORTER V. SECTY. FOC
    8:19-CV-02505- SOM-AAS
    WRIT OF HABEAS CORPUS
    CRIMINAL CASE
       DISMISSED WITHOUT PREJUDICE.
    § 2254.

6.   Facts and claims of case: _____ *N/A* _____

_____ *N/A* _____

**(Attach additional pages as necessary to list cases.)**

## V.   STATEMENT OF FACTS:

State briefly the FACTS of this case.  Describe how <u>each</u> Defendant was involved and what each person did or did not do which gives rise to your claim.  In describing what happened, state the names of persons involved, dates, and places.  <u>Do not make any legal arguments or cite to any cases or statutes.</u>  You must set forth separate factual allegations in separately numbered paragraphs.  You may make copies of this page if necessary to supply all the facts.  Barring extraordinary circumstances, no more than five (5) additional pages should be attached.  **(If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)**

1. THE PLAINTIFF DO HEREBY CERTIFY, THAT HE IS AT THE TIME OF FILING THIS AMENDED COMPLAINT, AND AT ALL TIMES CITED HEREIN, UNDER IMMINENT DANGER OF SERIOUS PHYSICAL INJURY, AND DO INVOKE THE EXCEPTION, S 1915(9).

2. THE PLAINTIFF FUTHER, DO ' IN GOOD FAITH CERTIFY THAT HE IS A PASS "THREE STRIKE" FILER. HOWEVER, BASED UPON THE SPECIFIC FACTS IN THIS COMPLAINT AND THE ONGOING SERIOUS PHYSICAL INJURY, AND ACTIVE "HIT" ON PLAINTIFFS' LIFE, COUPLED WITH A PATTERN OF MISCONDUCT, SEXUAL ABUSE, ASSAULTS, BATTERIES, FAILURE TO PROTECT AND DELIBERATE INDIFFERENCE, THIS COMPLAINT MUST BE FILED IFP, AND MEETS THE EXCEPTIONS OF S. 1915 (9).

3. AT ALL TIMES RELEVANT TO THIS ACTION, THE DEFENDANTS ACTED UNDER THE COLOR OF STATE LAW.

4. THE PLAINTIFF ARRIVED . AT COLUMBIA C.I. ANNEX, ON JANUARY 11, 2019 AS A "RESOLVED PROTECTION" FROM MADISON C.I. WHERE THERE, PLAINTIFF WAS BATTERED WITH A LOCK ABOUT THE HEAD BY BLOOD GANG MEMBERS, BASED ON AN ACTIVE HIT. THE PLAINTIFF RECEIVED INJURIES TO HIS HEAD, THAT IS STILL THERE 8 MONTHS LATER. IT IS NOTED, COLUMBIA C.I., HAD BEEN PLAINTIFFS' EIGHTH RESOLVED PROTECTION TRANSFER.

*11*

5. The same day of arrival, the plaintiff was assigned to Dorm T3-Cell 3113 upper which inmate "Jeremiah Knight," a very violent inmate, who has stabbed a correctional captain, and otherwise harmed several prisoners. Additionally, inmate Knight is a part of the gang called, the Bloods, has his own cellphone, knifes, and drugs. Mr. Knight is allowed to control T-Dorm, and was in a sexual relationship with a female sergeant name Johnson, who was over T-Dorm.

6. Inmate Knight with access to a cellphone, his sergeant lover, and a male sergeant, LeBlanc who also provides Knight with drugs and personal information on his cellmates, and other inmates. Knight was able to obtain information on the plaintiff, and the reason for his last transfer. With this information, Knight felt plaintiff was a threat and a "snitch." Mr. Knight got with several Blood Gangmembers, and formed a "hit" upon the plaintiff, on the orders of Defendant LeBlanc, and others.

7. Between the dates of, January 11, and 18, of 2019, on the orders of Mr. Knight, and Joshua Mills, (a inmate Blood Gangmember) a inmate known as "Israle" who is assigned as a confinement orderly, (T3-3210 Lower), pulled the plaintiff in his cell and at knife point, "Israle" began to sexually abuse plaintiff.

8. On that same day, plaintiff packed his personal property and went to the compound laundry office and reported to the black female laundary officer, Fleming his attack. She raidoed to Defendant, Capt. Kelly and reported the matter to him. Plaintiff was instructed to report to center gate. Upon Plaintiff reporting to center gate, inmate Knight and Defendant Sgt. LeBlanc was waiting.

12

9. The plaintiff reported that he was in fear of his life, was requesting protection, and he detailed what both Knight and Israle had done. Defendant LeBlanc responded "Don't you know, not to play with fire"? Defendant LeBlanc despite what was just reported to him, (the knife, the hit, and sexual abuse) he told plaintiff to "return to the dorm" with suspects. The plaintiff refused and called out to Defendant Kelly, who also ordered plaintiff "back to the dorm," but to be placed in the "holding cell" until he get there.

10. The plaintiff sat in holding cell for about (2) hours and Defendant Kelly never showed up. Inmate Knight came to the holding cell and advised, "I told you I run this dorm, they ain't going to fuck with me." Knight futher advised, he was going to tell Kelly and LeBlanc to not allow plaintiff to go to administrative confinement for protection. The plaintiff was released from holding cell by Defendant LeBlanc, and ordered returned to cell with Knight, and same wing with Israle.

11. Between January 18, 2018 and January 30, 2019, inmate Knight, Israle, Mills, and several other inmates, called and texted plaintiff's family members, for money, attempting to extort them for money by western union. From this same time line, plaintiff was beat up, and continuanely threaten.

12. On January 29, 2019, between 4:03 p.m. and 5:30 p.m. inmate Joshua Mills, a "Blood," ordered (three) of his brothers to stab the plaintiff and get him off the compound. Inmate Davis from cell T3202L, inmate Davis from cell T3207U, and inmate known as "Trap" from T4-Dorm (a Blood), pulled plaintiff into cell T3111, and attempted to stab plaintiff. The plaintiff over powered them and got out the cell. Defendant LeBlanc watched without action.

13

13.  The plaintiff had not been sleeping in his own cell, rather, he had been sleeping in cell T3203 U, with his friend name "Sonney." However, plaintiff went to <u>inmate Knight</u> and asked him what do they want to not hurt him. <u>Knight</u> stated, "Mills want $200.00 Western Unioned sent to a <u>Shamiya Lane</u>, in <u>Fort Pierce Fla. 34950</u>, that night." The plaintiff was taken to the wall prison phone by all (three) attackers at knife point. Plaintiff was made to call his aunt, <u>Naomi Washington</u> and plaintiff requested the money. At one point, "Trap" took the phone and spoke.

14.  On January 30, *2019*, at or about 10:30 am. The plaintiff proceeded to the law library and reported everything to <u>Officer Matthew</u>, and the <u>"Security 9" Officer Diaz-Castro, Officer Matthew</u> confirm that the call for money was made as plaintiff reported. Nither of these officer reviewed the cameras of T3-Dorm, and failed to do anything other to help plaintiff. Despite the fact plaintiff had exposed that <u>Sgt. Johnson</u> was in a relationship with inmate Knight, both <u>defendants, Diaz-Castro</u>, and <u>Matthew</u> advised plaintiff, "report this to your dorm Sergeant, <u>Sgt. Johnson</u>." The plaintiff was ordered to return to his cell dorm, without any protection, and to face his attackers for further harm.

15.  On this same day, plaintiff proceed to find some help, and proceeded to the administration, plaintiff noticed the <u>Warden, Defendant Godwin.</u> Plaintiff advised him what was happening to him, and <u>Defendant Godwin</u> responded, "get out of my face inmate, I don't have time for you." The plaintiff was placed in medical holding cell, and later talked with a good Captain, who allowed plaintiff to be placed in administrative confinement, pending protection.

16. In accord with policy and procedure, Ch. 33-602.220(1)(A) F.A.C. "Administrative Confinement" is the temporary removal of an inmate from the general inmate population in order to provide for [security] and [safety] until such time as more permanent inmate managemet processes can be concluded. Administrative confinement, and all other froms, must be physically separate from each other and that of general population.

17. As soon as plaintiff was placed in administrative confinement he begain to attempt to exhaust the grievance procedure. The plaintiff submitted (two) formal grievances at the institution level, pursuant to Ch. 33-103.006(3)(A) and (3)(J) F.A.C. Emergency grievance, and grievance alleging sexual abuse. The plaintiff also filed several informal grievances regarding the inmate suspects.

18. On or about February 4, 2019, on the day shift, plaintiff was pulled from his cell, N1-1203 and interviewed by Defendant, confinement Sergeant J. Higens. Pursuant to policy Ch. 33-602.220(3)(C)1. Once an inmate requests protection for and from other inmates, he is placed in Adm. Confinement. If the (ICT) Institutional Classification Team, (Assist. Warden, Classification Supervisor, and Major) reviews the case and approves plaintiff's continuation in confinement, this shall be entered in "OBIS," and this entry will initiate an appointment for an [investigation] to be conducted. In this case, Defendant Higens was assigned the case for investigation, and to submit his / the results to the ICT, which automatically schedules an ICT review appointment.

19.   At the interview by <u>Defendant Higens.</u> The <u>Defendant</u> asked the plaintiff "what happen," as he was doing this, <u>Defendant</u> allowed <u>"Israle"</u> (one of the inmates suspects) to enter the room during the interview. The plaintiff waiting until <u>Israle</u> left and advised <u>Defendant</u> that <u>Israle</u> was durity and that he was one of subjects, the plaintiff was on protection review from. Despite this, <u>Defendant</u> allowed Israle and several of his other orderlies to continue to enter and hear what was said, creating further harm and threats to plaintiff's life.

20.   As the plaintiff exposed the allegations about (Sergeant Johnson's relationship with <u>Jeremiah Knight</u> amongs other inmates, her bring durgs in, and <u>Defendant's</u> LeBlanc's personal relationship, and brining drugs to gangmembers) <u>Defendant Higens</u> stop plaintiff and advised him he wanted to call in the <u>STG, Sergeant Clemens.</u> Once <u>Sgt. Clemens</u> came, the plaintiff repeated the entire gist of this case. <u>Sgt. Clemens</u> stated all the names and allegations he had advised of, had continue to come up to him, (meaning there was merits to what plaintiff reported). <u>Sgt. Clemens</u> ordered plaintiff to be "housed alone," and advised he would come visit him in a day. Additionally, that he would have plaintiff moved to main unit for security reasons. <u>Sgt. Clemens</u> never returned, nor was plaintiff moved to main unit.

21.   On this same day, February 04, 2019, plaintiff was placed in the shower pending a cell change to be housed alone. As he stood in the shower, one of the suspects, <u>"Israle"</u> served plaintiff his dinner tray. Plaintiff asked by this inmate to proform a sexual act or he would expose plaintiff's "snitching." Plaintiff refused. Later, plaintiff was assigned to N1-1206 L. And "housed alone." The Face Sheet on his door clearly stated: "Housed Alone."

22. On February 06, 2019, between 3:00 p.m. and 4:00 p.m. the plaintiff was removed from his cell, taken off camera and placed in the Lieutenant's office of N-Dorm. While in the office, handcuffed, Defendant Lt. H. Lee questioned plaintiff about all his "fucking grievance writing." The Defendant threaten that "if he had one more grievance come to him, he will take everything" form plaintiff's cell. The plaintiff tryed to speek, and was beat about the head, face and neck area by this Defendant and returned to his cell.

23. The plaintiff filed a direct grievance of reprisal on Defendant Lee about his abuse and retaliation. The grievance coordinator, Defendant M. Ramsey, failed to log it, return a receipt for it, and she advised Defendant Lee of it. From, January 30, 2019, up to February 25, 2019, the plaintiff has submitted a total of 35 grievances, informal, formals, and appeals to the Defendant Ramsey and not one receipt or response came back.

24. That on February 13, 2019, the (ICT) held a hearing on plaintiff's request for protection. The team advised they had to postpone the hearing, due to Defendant Higens had submitted incomplete paperwork. Defendant Higens never reviewed the camera from 1/29/19, or the phone call, he failed to interview any of the suspects, or Defendants Diaz-Castro - or Matthews.

25. On February 15, 2019, the Plaintiff completed and turned in a (DC6-112) written witeness statement about confinement orderly (known as "Israle") continued sexual harassment, telling the wing plaintiff is a "snitch," and that Defendant Higens let him read report and that Defendant Lee told him everything. The plaintiff advised in the statement of Israle brining of drugs to confinement and his sabotaging trays for the bloods, on 2/17/19, Sgt. Bell advised he sent the statement to administration, the Warden, Defendant Godwin.

17

26. That on February 15, 2019, plaintiff submitted a medical "sick call" to medical. In the sick call, plaintiff complained of his injuries, pains in his back, head and neck as a result of attack by <u>Defendant Lee</u>. The sick call was provided to a nurse on their confinement rounds. The sick call was then turned over to the shift director of nursing ("D.O.N.") which is a Defendant, John Doe.

27. Based on a request submitted by plaintiff, to see mental health, do to all the abuse and trama. On February 18, 2019, a psych mental health specialist, <u>Defendant Jones,</u> pulled the plaintiff from his cell for a mental health visit. At this visit, plaintiff reported all his abuse and the mental affect of the abuse to Defendant Mr. Jones, pysch specialist. Defendant Jones advised the plaintiff he would report the abuse, but, he did not.

28. On this same day, February 18, 2019, about an hour later, the plaintiff was pulled for his cell to visit the <u>Defendant Capt. Joseph</u>. When the plaintiff entered the office, the Lt.'s office, Lt. Lee was also present. Defendant Joseph held up the medical sick call that plaintiff turned in and asked: "did you write this"? The plaintiff responded, "yes." The plaintiff stated, that is a "medical sick call, wherein I am complainting of a medical related issue do to abuse, why do you have that,? It violates HIPPA." As Defendant Lee watched, the Defendant Joseph became bilocose, very rude and threating. The Defendant Joseph stated: "See, I told you, you are a fucking writ writter." "You claim that Lt. Lee abused you in this sick call, I dont fucking believe you." "But, if he did, it's all part of your sentence." This Defendant than called a male nurse to "assess plaintiff for his alleged abuse by staff."

✓29. During the assessment, the plaintiff learned that the reason why Capt. Joseph had possession of plaintiff's sick call was because Defendant John Doe, the director of nursing had given it to Defendant Joseph, a non-medical official. This violated "HIPPA" for release of unauthorized medical records. Nonetheless, plaintiff injuries was noted. On a stick man chart. However, the plaintiff received no treatment for his injuries. Despite the fact plaintiff's sick call was about his "pains" from attack, he was giving nothing, and no treatment from Defendants, _Hicks_, tne (D.O.N.), and Defendant, Dr. Elliot E. Perez-Lugo, for the main injuries caused by the attack. The Plaintiff submitted two formal grievances and a grievance of reprisal at the institutional level, and file at central office level once no response was received by institution. It is noted, this was a direct result of Defendant Ramsey's trashing of the grievances to furshstrate the exhaustion requirement. The Defendant Ramsey fail to log a vast majority of plaintiff's grievances, or provide him a loging recepits.

✓30.   Because the Defendants, _Hicks_, the (D.O.N.) and Defendant Dr. Elliot E. Perez-Lugo intentionally, mishandled plaintiff's sick call and request for medical attention, the plaintiff was never treated for his head, or other injuries, as a direct result of both, _Hicks_, and Dr. Perez-Lugo's failure.

31.   February 20, 2019, the morning hours of 6:30 A.M., the plaintiff was pulled out for his ICT hearing to reconvened. At the hearing, the Assistant Warden asked plaintiff, "why do you need protection"? the plaintiff disclosed the entire events as cited herein, and advised that this was his (tenth) protection transfer, and that there is nothing resolved

19

about it. The plaintiff pointed out he need a protection unit transfer. The team advised they would approve a "resolved protection" transfer "out of the region."

32.   Despite the fact plaintiff is clearly "housed alone status," on February 20, 2019, sometime after 12:pm, <u>inmate David Smith</u> was placed in the cell with the plaintiff. On February 21, 2018, at feeding time, one of the (orderly) known as "<u>Dread</u>," came to the cell door with the officer, and offered Smith $50.00 in drugs to rape and beat plaintiff. <u>Inmate Smith</u> refused the offer. Instead, he wanted plaintiff to write a motion for him in his criminal case, and plaintiff did. Plaintiff was informed that <u>Defendant Waters</u> had inmate Smith placed in the ell on order of <u>Defendants Lee and Joseph</u>, to harm plaintiff.

33.   On February 22, 2019, <u>Inmate Smith</u> transferred. Later that morning, <u>Defendant Higens</u> was giving a writen witness statement and complaint form. Defendant claim he turned it in to <u>Sgt. Clemens</u>. It was discovered that all along, <u>Defendant Sgt. Higens</u> is dirty. <u>Higens</u> had been feeding the bloods information and disclosing all plaintiffs' statements to them, and is orderlies. It was discovered that he would allow inmates from the general compound to come to confinement on the weekend and allow them to fight eachother. <u>Defendant Higens</u> despite being the investigator assigned to plaintiffs' protection case, and knowing <u>inmate Mills, N1-1203</u> was a suspect, he allowed him still to be housed on the wing with the plaintiff, instead of on one of the other three wings. Plaintiff has been titled a "snitch," and has been informed, no matter where he go in Florida prison, a hit will follow him. for the record, 80% of FDOC officers are dirty, from drugs to relationships with inmates.

34. The plaintiff submits, just this month a confinement orderly was allowed access to the security officer station controls, and was allowed to open an inmate cell that is a protective custody inmate, and raped him for hours. It was all cought on camera, and the suspect is in the county jail.

35. Our prison system is run by uniform thugs, and it is a travesty of justice to have biger criminals with bages of authority controling the small criminals. Based on these true facts, plaintiff is in imminent danger of serious physical injury or death in the Florida prison system, and at the time of this filing.

36. Despite the fact the PREA (Act) and the Department's policy proclaim that sexual abuse, and abuse can be reported to [any] staff member, and that it [must] be reported by that staff member, this is just not the case. on February 18, 2019, as aforesaid, Id. at (prag. 26), plaintiff reported the abuse and sexual abuse to Mr. c. J. Jones, the psych counsel. on February 25, 2019, the plaintiff noticed the inmate confinement orderly, Israle was allowed access to plaintiffs' cell to feed him his lunch and dinner. Later that day, upon the Defendant Jones doing his rounds, plaintiff stop him and asked him, did he report abuse. Mr. Jones responded: "No, and I am not going to, you can do it yourself." This Defendant lied to plaintiff on February 18, 2019, that he would report and did not. This is intentional bad faith, failure to protect and a deliberate indifference by the Defendant c. J, Jones.

37. On March 22, 2019, the Plaintiff was transferred from Columbia C.I., to Hamilton C.I., another gang infested institution. the plaintiff was informed as soon as he got off the

bus by officers, "we know who you are and we got something for writ writters and grievance filers." "We got some gangmembers here that will take care of you.

38.  The plaintiff was assigned to a dorm that is 80% gangmembers. Within a week of arriving at Hamilton C.I., (three) inmates was stabed by gangmembers and one inmate was killed. The <u>plaintiff is in imminent danger of serious physical injury or death.</u> <u>The plaintiff has a active hit on his life that has followed him from Columbia C.I., to Hamilton C.I.,</u> based in part on <u>Defendant's, Kelly, Joseph, Lee,</u> and <u>Lablanc</u> actions of labiling plaintiff a "snitch" and exposing his statements to gangmembers. This has caused the plaintiff futher harm and threat from gangmembers at Hamilton C.I., and through out the Department of Corrections, to include, Wakulla C.I. Annex to which he is now housed.

39. The plaintiff was transferred to Hamilton C.I., Annex and was attacked and had to be sent to main unit. The plaintiff was attacked at main unit based on the active "Hit" by gangmembers and on orders of officials. The plaintiff has in July of 2019 received a protection until transfer and is currently at Wakulla C.I. Annex, in what is purportedly the protective management unit. The <u>Defendant Inch,</u> as a policy or custom, has allowed gangmembers to take over the unit and plaintiff is still in imminent danger of serious physical injury or death. the plaintiff is currently housed with gangmembers who has advised plaintiff that if he stay at Wakulla C.I. Annex, he will be harmed by them.

## VI.   STATEMENT OF CLAIMS:

STATE WHAT RIGHTS UNDER THE CONSTITUTION, LAWS OR TREATIES OF THE UNITED STATES YOU CLAIM HAVE BEEN VIOLATED BE SPECIFIC. NUMBER EACH SEPARATE CLAIM AND RELATE IT TO THE FACTS ALLEGED IN SECTION V. IF CLAIMS ARE NOT RELATED TO THE SAME BASIC INCIDENT OR ISSUE, THEY MUST BE ADDRESSED IN A SEPARATE CIVIL RIGHTS COMPLAINT.

1. All (14) NAMED DEFENDANTS HAS MALICOUSLY AND INTENTIONALLY VIOLATED PLAINTIFFS' RIGHTS UNDER THE 14TH. AMENDMENT TO THE U.S. CONSTITUTION AND THE 8TH. AMENDMENT TO THE U.S. CONSTITUTION, A FAILURE TO PROTECT AND DELIBERATE INDIFFRENCE. PRAG'S 4-38, ADOPTED INCORPORATED BY REFFRENCE AND MADE APART HERETO.

## VII.   RELIEF REQUESTED:

STATE BRIEFLY WHAT RELIEF YOU SEEK FROM THE COURT. DO NOT MAKE LEGAL ARGUMENTS OR CITE TO CASES/STATUTES.

A. COMPENSATORY DAMAGES: IN THE AMOUNT OF $ 300,000.00, AS TO EACH DEFENDANT JOINTLY AND SEVERALLY.

B. PUNITIVE DAMAGES: IN THE AMOUNT OF $ 125,000.00, AS TO EACH DEFENDANT JOINTLY AND SEVERALLY.

C. A TRO/INJUNCTIVE RELIEF PROHIBITING CONTACT WITH ANY LISTED DEFENDANT OR INMATE AND GANGMEMBER

D. AN INTERSTATE COMPACT TRANSFER, PLACEMENT IN THE PROTECTIVE MANAGEMENT UNIT.

E. APPOINTMENT OF COUNSEL AND ALL OTHER RELIFE DEEM JUST AND PROPER.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.

_5/ 18/ 20_____
DATE

_____
(SIGNATURE OF PLAINTIFF)

## CERTIFICATE OF SERVICE

I DECLAR UNDER PENALTY OF PERJURY THAT THIS COMPLAINT WAS PLACED IN FDOC OFFICIALS HANDS FOR FILING WITH THE U.S. DISTRICT CLERK, AND TO COUNSEL FOR DEFENDANTS: BRADLEY ARANT BOULT CUMMINGS LLP, 1819 FIFTH AVE. NORTH, BIRMINGHAM, AL 35203-2119, AND THE OFFICE OF THE ATTORNEY GENERAL, SHIRLEY W. DURHAM. AAG, THE CAPITOL PL-01, TALLAHASSEE, FL, 32399 ON THIS 18TH DAY OF MAY 2020

AARON C PORTER # L37704
NORTHWEST FLORIDA RECEPTION CENTER
4455 SAM MITCHELL DR.
CHIPLEY, FL 32428

24.