UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

AARON C. PORTER,

        Plaintiff,

v.                                 Case No: 3:19-cv-327-BJD-JRK

MARK INCH, et al.,

        Defendants.
_____

### ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate of the Florida penal system proceeding pro se, initiated this action in March 2019 by filing a complaint under 42 U.S.C. § 1983 (Doc. 1) and a motion for leave to proceed in forma pauperis (Doc. 2). Plaintiff is a three-strikes litigant, but the Court found he alleged facts showing he was in imminent danger of serious physical injury.[1] Thus, the Court granted his motion to proceed in forma pauperis and directed him to submit fourteen copies of his complaint for service of process. See Order (Doc. 5).

Plaintiff filed an amended complaint on April 11, 2019 (mailbox rule), again claiming he was in imminent danger of serious physical injury or death

---

[1] Because Plaintiff asserted that he feared for his life, the Clerk sent the Court's amended standing order to the Inspector General's Office and the Warden of Plaintiff's correctional institution. See Order (Doc. 4) (notifying the institution that an inmate claims to be in imminent physical harm).

because he had an "active hit on his life" (Doc. 8). The Court directed service of process on May 13, 2019. See Order (Doc. 10). At that time, the Court advised Plaintiff he must respond to any dispositive motions within thirty days. Id. After Defendants filed motions to dismiss, Plaintiff moved to amend his complaint (Doc. 54). The Court granted Plaintiff's motion and directed the Clerk to docket his second amended complaint. See Order (Doc. 57).

On June 9, 2020, the Court granted Plaintiff's second motion to amend his complaint, denied four motions to dismiss as moot, and directed the Clerk to docket Plaintiff's third amended complaint. See Order (Doc. 105). Shortly thereafter, Defendants filed motions to dismiss the third amended complaint (Docs. 111, 112), arguing Plaintiff did not exhaust his administrative remedies, fails to state a plausible claim, and fails to allege having sustained a physical injury. Defendants also invoke Eleventh Amendment immunity as to any damages claims against them in their official capacities, maintain Plaintiff is not entitled to injunctive relief, and request severance of unrelated claims.[2]

---

[2] In the operative pleading, Plaintiff names fourteen Defendants related to conduct that occurred at Madison Correctional Institution in 2019. He contends Defendant LeBlanc ordered gang-member inmates to place a "hit" on his life and failed to protect him from gang attacks. Plaintiff alleges he reported everything to other officers and supervisors, but they did nothing. Plaintiff alleges other Defendants threatened or beat him, failed to provide medical care, or arranged to have him harmed by inmates. Plaintiff was transferred to Hamilton Correctional Institution on March 22, 2019, but he alleges the "hit" followed him. Plaintiff is now housed at Wakulla Correctional Institution, where he was transferred in July 2019, and housed in a protective management unit. Plaintiff alleges the FDOC has a policy

2

Plaintiff did not respond to the motions to dismiss within thirty days. Accordingly, the Court directed Plaintiff to show cause why the case should not be dismissed for his failure to respond to the motions to dismiss and directed him to so respond. See Order (Doc. 113). The Court warned Plaintiff that his failure to timely comply with the Order may result in dismissal of the action. Id. Plaintiff responded to the Order by requesting more time to file responses to the motions to dismiss because he had contracted COVID-19 and was in lock-down (Doc. 115). The Court granted his request. See Order (Doc. 117).

Thereafter, instead of submitting responses to the motions to dismiss, Plaintiff asked the Court to "adopt his previously filed" responses to Defendants' motions to dismiss the second amended complaint (Doc. 121). Plaintiff said he was in administrative confinement pending a protection transfer, and because of his numerous transfers, he was unable to access a legal box that contained his documents for this case. Plaintiff did not say what documents he needed or why his inability to obtain those documents prevented him from responding to Defendants' motions to dismiss. The Court denied Plaintiff's request to stand on his responses to the motions to dismiss his second amended complaint, but sua sponte gave him more time to respond to

---

or custom to allow "gangmembers to take over the [protective management] unit," and he was housed with gang members when he submitted his proposed third amended complaint on May 18, 2020.

3

the pending motions to dismiss. See Order (Doc. 122). In that Order, the Court cautioned Plaintiff that it "will not look favorably on future requests to extend th[e] deadline." Id.

Despite the Court's caution to Plaintiff, he again requested more time to respond to the motions to dismiss (Doc. 124; Jan. Motion). Plaintiff reported he still had not received his legal box, which was stored at the Santa Rosa Correctional Institution (SRCI) Annex law library. See Jan. Motion at 1. According to Plaintiff, the Department's failure to produce his legal box amounts to an "obstruction of justice," because a provision of the Florida Administrative Code restricts the amount of legal documents an inmate may possess: if legal documents will not fit in an inmate's assigned locker, the documents must be stored in the property room or law library. Id. at 2. Plaintiff complained that his "repeated access to [the box] was hindered and many requests and grievances mishandled." Id. Plaintiff asked the Court to compel Defendants to produce his missing legal box. Id. at 3.

Though Plaintiff did not explain why he is unable to respond to the motions to dismiss without access to his legal box, the Court again granted Plaintiff an extension of time to respond. See Order (Doc. 125). Plaintiff failed to submit responses by the deadline, so the Court directed him to show cause why his case should not be dismissed and directed him to respond to the

4

motions. See Order (Doc. 126). The Court noted Plaintiff had "been given over eight months to respond" and warned him, "The Court will grant no further extensions of time." The Court also notified Plaintiff that his failure to comply may result in the dismissal of the action without prejudice. Id.

Plaintiff has failed to comply with the Order by requesting yet another extension of time to respond to the motions to dismiss (Doc. 127; Pl. Motion). Plaintiff references his January motion and attachments in support of his request for more time. He contends he still is "without his entire box #93, which has the entire case file in it." See Pl. Motion at 2. He says the Department has either lost or misplaced his legal box, and he has been attempting to locate it.

According to grievance records Plaintiff provided with his January motion (Doc. 124-1; Pl. Ex.), he was indeed unable to access to his legal materials in August and September 2020, because of the pandemic and because he did not submit his requests in compliance with policy. A lieutenant at SRCI wrote Plaintiff a letter in September 2020, explaining to him that if he wanted to receive his two legal boxes, he had to "submit requests to property in order to exchange" the legal materials he had in his possession, because otherwise he would have been in violation of the mandate that all personal property fit into an inmate's assigned locker. See Pl. Ex. at 7.

5

In the motion now before the Court, Plaintiff claims he is unable to "adequately file any response in this case" without those legal materials. See Pl. Motion at 2. Again, Plaintiff does not say why he cannot respond to the motions to dismiss without the materials contained in box #93.

Under the Federal Rules of Civil Procedure, a district court has discretion to dismiss a pro se plaintiff's action for his failure to comply with court rules or a court order: "If the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Rule 41(b) contemplates the filing of a motion to dismiss, but the Eleventh Circuit has held a district court may dismiss an action sua sponte for a pro se plaintiff's failure to adhere to court rules or orders. See, e.g., Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir.2005) ("Although the plain language of Rule 41(b) suggests that a court may act pursuant to that Rule only when dismissing upon the motion of the defendant, and acts only on its inherent authority when dismissing sua sponte, many of our decisions elide this neat distinction."); Brown v. Blackwater River Corr. Facility, 762 F. App'x 982, 985 (11th Cir. 2019) ("[U]nder Federal Rule of Civil Procedure 41(b), a district court may sua sponte dismiss a suit for failure to prosecute or failure to comply with an order.").

6

A district court also may dismiss a case under its inherent power to manage its own docket. See Betty K, 432 F.3d at 1337. See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.1989) ("[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."); Foudy v. Indian River Cty. Sheriff's Off., 845 F.3d 1117, 1126 (11th Cir. 2017) ("Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order.")

A dismissal without prejudice is appropriate when a plaintiff continually delays prosecuting his case, even if he expresses having had some difficulties doing so. Stevens v. United States, 778 F. App'x 731, 735 (11th Cir. 2019) (quoting Moon, 863 F.2d at 837); Brown, 762 F. App'x at 985. In Stevens, the court affirmed the district court's dismissal of a pro se plaintiff's action under Rule 41(b) because "there was a clear record of extensive delay." Id. The court noted the plaintiff "encountered significant difficulties in prosecuting his case"—he had trouble finding help from other inmates or an attorney, he had little education, he had sanctions imposed upon him for refusing to participate in a noticed deposition, and he had difficulty seeing because of the injury that was the basis of his complaint. Id. at 733-34. However, the court found the district court did not abuse its discretion in dismissing the action because the court gave the plaintiff multiple extensions of time, the court warned the

7

plaintiff his case may be dismissed if he failed to participate in discovery, and lesser sanctions proved ineffective in the past. Id. at 734-35.

In Brown, the court held the district court did not abuse its discretion in dismissing the plaintiff's case without prejudice under its inherent power and Rule 41(b), because the plaintiff "repeatedly failed to comply with court orders," the court warned the plaintiff his failure to comply may result in dismissal, and the plaintiff would be able to file the suit again. 762 F. App'x at 985-86. Dismissal was appropriate even though the plaintiff complained that he was unable to comply with orders in part because prison officials would not return or destroyed his documents and refused to mail money to the court for the filing fee. Id. at 983-84. See also Duong Thanh Ho v. Costello, 757 F. App'x 912, 914-15 (11th Cir. 2018) (affirming the district court's sua sponte dismissal without prejudice for the pro se plaintiff's failure to comply with the court's order to amend); Powell v. Harris, 628 F. App'x 679, 680 (11th Cir. 2015) (holding the district court did not abuse its discretion in sua sponte dismissing the case without prejudice when the plaintiff submitted an amended complaint with the same deficiencies as the original one after the court twice advised him how to properly present his allegations and claims).

While Plaintiff certainly has demonstrated an effort to track down his box of legal materials, he has failed to demonstrate an effort to prosecute this

action. As such, the Court finds a dismissal without prejudice is warranted under Rule 41(b) and the Court's inherent power to manage its docket for Plaintiff's clear record of extensive delay. Even if Plaintiff still has not received the missing box, he does not say why he needs the documents contained therein to respond to the motions to dismiss. After all, in ruling on a motion under Rule 12(b)(6), a district court generally is restricted to considering the allegations in the complaint. Plaintiff was not directed or required to submit documentation with his responses, and he does not contend he was wholly prevented from accessing the law library at any of the institutions where he has been housed while the motions have been pending.[3]

In finding dismissal without prejudice appropriate, the Court takes into consideration that Plaintiff has disobeyed two Court Orders, prompting the Court to issue two Orders to Show Cause; Defendants' motions have been pending for nearly nine months and the action for two years; the Court has granted Plaintiff multiple extensions of time to respond to the motions to dismiss; Plaintiff's explanation for his continued inability to respond to the

---

[3] Defendants raise an exhaustion defense, which permits the Court to consider relevant grievance documents. But Plaintiff does not contend he is unable to respond to the motions because the grievance records he may need to counter the exhaustion defense are in the missing box. Moreover, Defendants carry the burden to prove Plaintiff did not exhaust. See Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008). Plaintiff does not have to prove he did exhaust.

motions is unconvincing, especially given Plaintiff is an experienced pro se litigator;[4] Plaintiff will not suffer substantial prejudice because he may pursue his claims in the future if he so chooses; the Court warned Plaintiff more than once his case may be dismissed if he fails to comply with Orders; in the last Order to Show Cause, the Court advised Plaintiff it would grant him no further extensions of time; and, because Plaintiff is an inmate proceeding in forma pauperis, an imposition of monetary sanctions would have little to no effect.

For these reasons, this case will be dismissed without prejudice subject to Plaintiff's right to initiate a new case when he is able to actively prosecute his claims.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice** for Plaintiff's failure to prosecute and comply with Court Orders.

2. The **Clerk** shall enter judgment dismissing this case without

---

[4] Plaintiff has been designated a three-strikes litigant under the Prison Litigation Reform Act. See Case No. 3:07-cv-477-J-33TEM (M.D. Fla.). See also Case No. 14-62445-CIV-COHN/WHITE (S.D. Fla.) (noting Plaintiff's extensive litigation history and revoking his in forma pauperis status under the three-strikes rule because Plaintiff did not allege facts showing he was in imminent danger despite his contention to the contrary). Plaintiff is aware, through personal experience, that a district court may dismiss an action for a plaintiff's unwillingness or inability to comply with court orders. See Case No. 16-CV-60327-MARTINEZ (S.D. Fla.) (dismissing Plaintiff's civil rights action for his failure to comply with the court's order to amend his complaint).

prejudice, terminate any pending motions as moot, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 30th day of March 2021.

                                              BRIAN J. DAVIS
                                  United States District Judge

Jax-6
c:
Aaron Porter
Counsel of Record